**ALLACCESS LAW GROUP**
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for AUSTIN GOODWIN, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN GOODWIN, <br><br> Plaintiff, <br><br> GRANTERS, LLC, dba GRANTER JEWELRY AND LOAN aka GRANTERS PAWN SHOP, <br><br> Defendant. | Case No. 22-cv-4229 <br><br> **PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

1    Plaintiff AUSTIN GOODWIN complains of Defendant GRANTERS, LLC, dba
2    GRANTER JEWELRY AND LOAN aka GRANTERS PAWN SHOP, and alleges as follows:
3        1.    **INTRODUCTION:** Plaintiff is a man with a disability who relies on a qualified
4    service dog. Despite being aware that his dog is a service animal, Defendant would not allow
5    Plaintiff to patronize its establishment in El Cerrito, California. The assistance of his service dog
6    is particularly important because Plaintiff is an Iraq War veteran with post-traumatic stress
7    disorder ("PTSD") and the dog helps manage his PTSD. This lawsuit seeks injunctive relief and
8    damages against the owner and/or operator of the pawn shop for denying full and equal access to
9    Plaintiff Austin Goodwin, an individual with a disability who uses a service dog.
10       2.    As a result of Defendant's illegal acts, Plaintiff suffered denial of his civil rights
11   and suffered mental and emotional damages. Plaintiff cannot return to the subject business and
12   avail himself of Defendant's services on a full and equal basis with persons without disabilities
13   until Defendant's policies at the subject pawn shop are made accessible to disabled individuals
14   who use service dogs, including revision of its service dog policies and necessary employee
15   training and/or re-training. Plaintiff has brought this lawsuit to force Defendant to change its
16   discriminatory and illegal policies, and to force Defendant to compensate him for refusing to let
17   Plaintiff to shop at its pawn shop so long as his service dog accompanied him. Plaintiff seeks an
18   injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by
19   a qualified service dog at the subject business.
20       3.    **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 U.S.C.
21   sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California
22   law pursuant to 28 U.S.C. § 1367.
23       4.    **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and
24   is proper because the real property which is the subject of this action is located in this district and
25   that Plaintiff's causes of action arose in this district.
26       5.    **INTRADISTRICT:** This case should be assigned to the San Francisco/Oakland
27   intradistrict because the real property which is the subject of this action is located in this
28   intradistrict and Plaintiff's causes of action arose in this intradistrict.

Page 2 of 15

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6. **PARTIES:** Plaintiff Austin Goodwin ("Plaintiff" or "Mr. Goodwin") is an Iraq War veteran and a "qualified" disabled person under federal and state law due to PTSD. Plaintiff has a service dog named "Kita." Kita has been trained to perform grounding techniques to help Plaintiff manage his PTSD. Plaintiff relies on Kita to access public accommodations such as the pawn shop at issue in this case. Plaintiff is a resident of Contra Costa County in close proximity to the subject pawn shop.

7. Upon information and belief, Defendant GRANTERS, LLC, dba GRANTER JEWELRY AND LOAN aka GRANTERS PAWN SHOP ("Defendant") is and at all times relevant to this Complaint was the owner, operator, lessor, and/or lessee of the business, property, facility, and/or portions of the building in which Granter Jewelry and Loan aka Granters Pawn Shop operates at/about 10056 San Pablo Ave, El Cerrito, CA 94530 (hereinafter, "Granters Pawn Shop"). Granters Pawn Shop is a place of "public accommodation" and a "business establishment" as defined by 42 U.S.C. section 12181(7)(E) of the Americans with Disabilities Act of 1990, California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

8. **FACTUAL STATEMENT:** Mr. Goodwin lives a walking distance away from Granters Pawn Shop. On June 27, 2022, while accompanied by his service dog, "Kita," Mr. Goodwin entered inside of Granters Pawn Shop to see what electronics it had for sale. Upon entering, the employee behind the counter told Mr. Goodwin that there were no dogs allowed. Mr. Goodwin told the employee that Kita was a service dog. The employee continued to insist that Mr. Goodwin could not be inside of Granters Pawn Shop as long as he is accompanied by Kita. Mr. Goodwin stated, "I just informed you that she is a service animal." The employee responded, "I don't see any service collar on her, do you got [*sic*] papers?" In response, Mr. Goodwin said, "No sir, not with me." In response the employee said, "well as far as I know it's a regular dog." Mr. Goodwin had no choice but to leave Granters Pawn Shop.

9. This public humiliation was extremely frustrating and embarrassing. As a result of the aforementioned incident, Mr. Goodwin has been deterred from patronizing Granters Pawn Shop. Mr. Goodwin intends to return to Granters Pawn Shop. He cannot do so, however, until

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Defendant's policies concerning service animals become compliant with federal and state law. This includes revision of Defendant's service dog policies and the necessary employee training and/or re-training on implementing such policies.

**FIRST CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
(Civil Code §§ 54 *et seq.*)**

10. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

11. Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

12. Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to ". . .places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

13. Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

14. Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15. Granters Pawn Shop is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owner, operator, lessor, and/or lessee of the business, property, facility, and/or portions of the building in which Granters Pawn Shop operates.

16. Defendant made the decision to knowingly and willfully exclude Plaintiff and his service dog from Defendant's public accommodation and thereby deny Plaintiff his right of entrance into Defendant's place of business with his service dog. As a result of that decision, Plaintiff has faced the continuing discrimination of being barred from entering this public accommodation and place of business based upon Defendant's illegal prohibition of his legally protected use of his service dog. Plaintiff is unable to return to Granters Pawn Shop on a full and equal basis until he receives the protection of this Court's injunctive relief, and he has continued to suffer discrimination all to his statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3.

17. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled and who require the assistance of service animals, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-class citizen and serve to discriminate against him on the sole basis that he is a person with a disability and one who requires the assistance of a service animal. Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.

18. The acts of Defendant has proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

19. Wherefore, Plaintiff asks this Court to preliminarily and permanently enjoin any

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways
2  complained of and to require Defendant to comply forthwith with the applicable statutory
3  requirements relating to access for disabled persons. Such injunctive relief is provided by
4  California Civil Code sections 54.1, 54.2 and other laws. Plaintiff further requests that the Court
5  award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation
6  expenses, and costs pursuant to Civil Code sections 54.3, Code of Civil Procedure section 1021.5
7  and other law, all as hereinafter prayed for.

8       20.    **DAMAGES:** As a result of the denial of full and equal access to the described
9  facilities and due to the acts and omissions of Defendant in operating and leasing the subject
10 facilities, Plaintiff has suffered a violation of his civil rights, including but not limited to rights
11 under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and
12 embarrassment, all to his damages per Civil Code section 54.3, including general and statutory
13 damages, and treble damages, as hereinafter stated.  Defendant's actions and omissions to act
14 constitute discrimination against Plaintiff on the basis that he is disabled and unable, because of
15 the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to
16 use the public facilities on a full and equal basis as other persons. The violations will continue to
17 cause him injury so long as these policy barriers continue to be present.

18      21.    **TREBLE DAMAGES:** Plaintiff has been damaged by Defendant's wrongful
19 conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all
20 times herein mentioned, Defendant was fully aware that significant numbers of potential users of
21 its public facilities were and are and will be disabled persons including individuals who require
22 the assistance of a service animal. Despite this knowledge, Defendant maintains the policy
23 barriers complained of. On information and belief, Defendant has ignored complaints about the
24 lack of proper disabled access by other disabled persons. Defendant has continued its illegal and
25 discriminatory practices despite actual knowledge that persons with disabilities may attempt to
26 patronize Granters Pawn Shop and encounter illegal service dog policy barriers which deny them
27 full and equal access when they do so.

28      22.    At all times herein mentioned, Defendant knew, or in the exercise of reasonable

diligence should have known, that its practices at the subject facilities violated disabled access requirements, and would have a discriminatory effect upon Plaintiff and upon other disabled persons who rely on service dogs, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiff and similarly situated disabled persons. For the foregoing reasons, Plaintiff alleges that an award of statutory treble damages is appropriate.

23. Further, although it is not necessary for Plaintiff to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA, Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint. Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for his rights and safety.

24. **FEES AND COSTS:** As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code section 54.3. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

25. Plaintiff suffered damages as above described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**SECOND CAUSE OF ACTION:**

## VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

27. At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all *business establishments of every kind whatsoever*.
>
> (emphasis added).

28. California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

29. Defendant is the owner, operator, lessor, and/or lessee of the business establishment as defined by California Civil Code § 51(b).

30. Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

31. Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52. Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

32. The actions and omissions of Defendant as herein alleged constitute a denial of

access to and use of the described public facilities by disabled persons who use service dogs within the meaning of California Civil Code sections 51 and 52. As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiff, according to proof.

33. **FEES AND COSTS:** As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make Granters Pawn Shop accessible to persons that rely on service animals, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

34. Plaintiff suffered injury as above described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. §§ 12101 *et seq.*)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled.

36. In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

37. The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

38. Plaintiff is a qualified individual with a disability as defined in the Americans with Disabilities Act of 1990.

39. Granters Pawn Shop is a public accommodation within the meaning of Title III of the ADA. 42 U.S.C. § 12181(7).

40. The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

41. Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service_animals_2010.htm. Further,

> Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.
>
> *Ibid.*, emphasis in original.

42. The Department of Justice Regulations explicitly state that "A public accommodation shall not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal. 28 C.F.R. § 36.302(c)(6).

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

43. Defendant has a policy and practice of denying and restricting access to patrons with service animals.

44. Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

45. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

46. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et seq.*). The subject property and facility is a public accommodation as defined by 42 U.S.C. § 12181(7).

47. The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the

opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

48. On information and belief, as of the date of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions and policies, have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who rely on service dogs, which violate Plaintiff's right to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

49. Defendant's actions continue to deny Plaintiff's rights to full and equal access to the goods and services at Granters Pawn Shop and continue to discriminate against him on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

50. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.*, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of his disability in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation Pursuant to section 12188(a)(2):

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative

methods, to the extent required by this title.

51.  Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may wish to utilize the goods and services offered at Granters Pawn Shop in light of Defendant's policies.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief he requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Austin Goodwin prays for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with it:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that his service dog will not be excluded should he desire to enter Granters Pawn Shop;

   c. That the Court issue preliminary and permanent injunction directing Defendant as the current owner, operator, lessor, and/or lessee and/or its agents of the subject

property and premises to modify the above described policies and practices to provide full and equal access to Plaintiff; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law, and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

4. An award of prejudgment interest pursuant to Civil Code § 3291;

5. Interest on monetary awards as permitted by law; and

6. Grant such other and further relief as this Court may deem just and proper.

Date: July 20, 2022              ALLACCESS LAW GROUP

                                               _/s/ Irakli Karbelashvili_
                                            By Irakli Karbelashvili, Esq.
                                            Attorneys for Plaintiff
                                            AUSTIN GOODWIN

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: July 20, 2022                              ALLACCESS LAW GROUP


     /s/ Irakli Karbelashvili
By Irakli Karbelashvili, Esq.
Attorneys for Plaintiff
AUSTIN GOODWIN

PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES